# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

FLORENCE DARLING,

    Plaintiff,

*v*.                                CASE NO. 07-CV-12048

COMMISSIONER OF         DISTRICT JUDGE THOMAS LUDINGTON
SOCIAL SECURITY,          MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.     RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence fails to support the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, Defendant's Motion for Summary Judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and the case **REMANDED** to the Commissioner for the award of benefits.

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002); the recently amended provisions of Rule 5.2(c)(2)(B) of the Federal Rules of Civil Procedure; E.D. Mich. Administrative Order 07-AO-030; and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II. REPORT

### A. Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case has been referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits. This matter is currently before the Court on cross-motions for summary judgment. (Dkt. at 14, 20.)

Plaintiff was 46 years of age at the time of the most recent administrative hearing. (Tr. at 299.) Her relevant employment history included work as a bus driver for a day care center, bookkeeping work, and work as a receptionist. (Tr. at 79.)

Plaintiff filed the instant claims on December 19, 2003, alleging that she became unable to work on June 27, 2003. (Tr. at 51-53.) The claim was denied at the initial administrative stages. (Tr. at 34.) In denying Plaintiff's claims, the Defendant Commissioner considered arthritis as a possible basis of disability. (*Id.*)

On August 23, 2005, Plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Karen Goheen, who considered the case *de novo*. In a decision dated April 26, 2006, the ALJ found that Plaintiff was not disabled. (Tr. at 10-21.) Plaintiff requested a review of this decision on June 21, 2006. (Tr. at 7.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 9, 2006. (Tr. at 4-6.) The Appeals Council subsequently granted Plaintiff additional time to appeal this unfavorable determination. (*See* Dkt. 1, Attach. to Compl.) On May 10, 2007, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

### B. Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case de novo, . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir.1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 216, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

### C. Governing Law

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.
>
> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.
>
> Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
> Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at

1110. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." *Id.* "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ." *Id.*

**D.     Administrative Record**

A review of the medical evidence contained in the administrative record and presented to the ALJ indicates that in August 1991, Plaintiff was involved in a motor vehicle accident in which she was hit from behind. (Tr. at 150.) Plaintiff's head and jaw struck the steering wheel. Thereafter, Plaintiff complained of pain in her head, right shoulder and right leg. (*Id.*) Plaintiff was seen by Dr. Michael Tofteland. (Tr. at 150-57.) Plaintiff was also seen by Dr. Flemming (Tr. at 158-63), Dr. Hepke, (Tr. at 164-66), Dr. Lichten, (Tr. at 212-43), and by physicians in the Silver Pine Family Physician practice, including Dr. Thibault. (Tr. at 179-94, 272-81.) Plaintiff underwent a psychological evaluation conducted at the request of the Disability Determination Service by James Wargel, Ph.D., in April 2004. (Tr. at 244-48.) Plaintiff was hospitalized at the Psychiatric Center of Michigan Hospital in January 1992 (Tr. at 133-44) and at the Havenwyck Hospital in June 2004 (Tr. at 250-52.)

**E.     ALJ Findings**

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (Tr. at 15.) At step two, the ALJ found that Plaintiff's depression, panic disorder and rheumatoid arthritis were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 17.) At step four, the ALJ found that Plaintiff could not perform any of her previous work. (Tr. at 20.) At step five, the ALJ denied Plaintiff

6

benefits because he found that Plaintiff could perform a significant number of jobs available in the national economy. (Tr. at 20-21.)

**F.	Analysis and Conclusions**

**1.	Legal Standards**

The ALJ determined that Plaintiff possessed the residual functional capacity to return to a limited range of sedentary/light work. (Tr. at 17-18.)

> Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a) (1991). Social Security Ruling (SSR) 83-10 clarifies this definition and provides that:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

**2.	Substantial Evidence**

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,*

708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

As to Plaintiff's claims of disabling physical impairments, I suggest that substantial evidence supports the ALJ's findings. Electromyographic testing done in September 1993 was "essentially within normal limits[.]" (Tr. at 148.) In late June 1995, Dr. Flemming forwarded a report to the Disability Determination Service. The doctor stated that "the severity of findings has not remained constant. She is improved, but still [is] in some pain daily. She seems to respond well to her treatment[.]" (Tr. at 167.) The doctor stated that Plaintiff could "perform gross manipulation, but fine manipulation has diminished. The patient's gait is normal." (*Id.*) In October 2003, a cyst was removed from Plaintiff's left wrist. Shortly thereafter, the attending surgeon reported that Plaintiff had "supple motion of the wrist and hand." (Tr. at 172-74.) In late November 2003, Plaintiff was seen by an endocrinologist. He reported that Plaintiff did not appear to have "any of the more serious hypoglycemic causes[.]" (Tr. at 177.) CT scan of the head and x-rays of the chest, spine, pelvis, feet and hands all were negative. (Tr. at 193, 207.) In September 2003, Dr. Thibault found no musculoskeletal abnormalities and full range of motion. (Tr. at 190.) However, in a letter authored in May 2005, Dr. Thibault opined that due to continuing pain from the side effects of medications, Plaintiff should be considered disabled. (Tr. at 272.)

As to Plaintiff's claims of disabling mental impairments, however, I suggest that substantial evidence fails to support the findings of the ALJ. I suggest that the ALJ failed to properly credit the consistent findings of the medical professionals who assessed Plaintiff's psychiatric condition, including the Commissioner's consulting psychologist. It is settled in this circuit that if a treating physician's opinion is uncontradicted, it is entitled to complete deference. *Harris v. Heckler*, 756

F.2d 431, 435 (6th Cir. 1985). I suggest that this is the case with regard to Plaintiff's mental impairments. Virtually every assessment of Plaintiff's psychiatric condition includes GAF[2] (Global Assessment of Functioning) consistent with "serious" if not greater mental impairments. (Tr. at 132, 141, 248, 250, 260, 290.) These same professionals found that Plaintiff exhibited significantly diminished interaction with others, repeated episodes of depression, abnormal behaviors, as well as at times a "severe probability of suicide risk[.]" (Tr. at 132, 135, 137-39, 245-46, 260, 283-86.) One examiner found Plaintiff to have "extreme" limitations in almost every area of mental functioning. (Tr. at 291-92.) The only areas found by this examiner to have less than "marked" limitations were the ability to be aware of hazards and the ability to adhere to basic standards of cleanliness. (*Id.*) I further suggest that the evidence in this case is consistent with that described in *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991). There, the court reversed a finding of nondisability and held that the plaintiff met all the requirements of the Commissioner's Listed Mental Impairments. In *Lankford*, as in this case, there was consistent evidence of suicide attempts, abnormal behavior and multiple hospitalizations for treatment of mental disorders.

I further suggest that the Vocational Expert's testimony does not constitute substantial evidence supporting the ALJ's findings as to Plaintiff's mental impairments. It is settled in this

---

[2]"Axis V is for reporting the clinician's judgment of the individual's overall level of functioning. This information is useful in planning treatment and measuring its impact and in predicting outcome. The reporting of overall [psychological, social, and occupational] functioning on Axis V can be done using the Global Assessment of Functioning (GAF) Scale." AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 32 (4th ed. 2000). A GAF scale of 70 to 61 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships; a scale of 51-60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with co-workers); a scale of 41-50 indicates serious symptoms e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting), or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job); a scale of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or a major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school).

circuit that a vocational expert's responses to hypothetical questions may constitute substantial evidence supporting administrative findings only if the questions posed accurately portray the claimant's impairments. *Cole v. Sec'y of Health & Human Servs.*, 820 F.2d 768, 775-76 (6th Cir. 1987), *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). In this case, the ALJ instructed the VE only to presume that Plaintiff was capable of undertaking work with little or no public contact, and which involved only simple tasks. (Tr. at 342-43.) In light of the previously described consistent pattern of professional findings all of which point to Plaintiff's profoundly diminished scope of activities and inability to interact, I suggest that the ALJ's simplistic formulation does not begin to approach the level of specificity required in this circuit.

I therefore conclude that the medical evidence of record adequately and consistently establishes Plaintiff's entitlement to benefits based upon disabling mental impairments, and I suggest that remand for an award of benefits is appropriate. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *Mowery v. Heckler* 771 F.2d 966, 973 (1985).

### III. <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*,

474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/ *Charles E Binder*
                                              CHARLES E. BINDER
Dated: March 25, 2008                  United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Brunson, Eva Guerra, and on the Commissioner of Social Security, and served on District Judge Ludington in the traditional manner.

Date:  March 25, 2008          By     s/Patricia T. Morris
                                                 Law Clerk to Magistrate Judge Binder