UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLORENCE DARLING,

        Plaintiff,

                              Case Number 07-12048-BC
v.                              Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, SUSTAINING DEFENDANT'S OBJECTION, GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING TO DEFENDANT FOR FURTHER PROCEEDINGS

In 2003, Plaintiff Florence Darling ("Plaintiff"), who suffers from rheumatoid arthritis and mental health issues, applied for supplemental disability benefits from Defendant Commissioner of Social Security ("Defendant"). Defendant denied Plaintiff's application because Plaintiff's ailments did not meet Defendant's definition of disabled. On May 10, 2007, Plaintiff filed a complaint before this Court challenging the denial of her application. The parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1).

On March 25, 2008, Judge Binder issued a report and recommendation that: (1) substantial evidence supports the ALJ's conclusion that Plaintiff's physical impairments do not render her disabled; (2) the ALJ's finding that Plaintiff's mental health issues do not render her disabled is not supported by substantial evidence; and (3) the case should be remanded for an award of benefits.

On April 11, 2008, Defendant filed an objection. The objection disagreed with the recommendation to remand for an award of benefits, but did not dispute the magistrate judge's

conclusion that substantial evidence does not support the ALJ's conclusion regarding the effect of Plaintiff's mental health. Thus, the Court will adopt the report with respect to the magistrate judge's undisputed recommendations. The only issue requiring attention is whether the Court should remand the case for further administrative proceedings or for an award of benefits.

"If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted). In order for a court to award benefits, "overwhelming" proof of disability must exist or "strong" proof of disability must exist with "evidence to the contrary . . . lacking." *Id.* (citation omitted).

Here, Defendant contends that the evidence supporting disability is not overwhelming and emphasizes factual conflicts contained in the record. Primarily, Defendant directs the Court to a "Medical Residual Functional Capacity Assessment," which found Plaintiff suffers from some moderate limitations. TR at 128-30. The report indicated, however, that Plaintiff is "capable of unskilled work on a substantial basis." TR at 130. Indeed, the record contains evidence demonstrating severe mental health issues. *See e.g.* TR at 16-17. Although Plaintiff stresses that the magistrate judge found the record contained strong evidence of disability, the conflict between the two expert medical opinions demonstrates evidence to the contrary. Therefore, the question is whether the record demonstrates overwhelming proof of disability.

The magistrate judge asserts that the instant case is similar to *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991). In *Lankford*, the Sixth Circuit concluded that the plaintiff was disabled and that the defendant incorrectly evaluated the factors significant to whether the plaintiff's personality

disorder limited her functional abilities. *Id.* at 307-09 (*citing* 20 C.F.R. pt. 404, subpt. P, appendix 1, listing section 12.08). Upon review, the record contained "undisputed evidence" that the plaintiff met the criteria of section 12.08.[1] *Id.* For example, the plaintiff was hospitalized four different times for periods exceeding fifty days. The court reversed the defendant's decision and awarded benefits. *Id.* at 309.

Here, the record related to Plaintiff's mental health is not undisputed. Indeed, the record does not contain substantial evidence to support Defendant's conclusion. The record, however, is not as one-sided or overwhelming as that in *Lankford*. As Defendant emphasizes, inconsistent medical opinions exist in the record. *See e.g.* TR at 128-30. Consequently, the instant case is appropriate to remand for further administrative proceedings, rather than for an award of benefits. *See Faucher*, 17 F.3d at176.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 21] is **ADOPTED** in part and **REJECTED** in part. Defendant's objection to the report and recommendation [Dkt. # 23] is **SUSTAINED**. This matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this order.

---

[1] Section 12.08(B) evaluates whether the personality disability (1) restricts activities of daily living, (2) restrains social functioning, (3) hinders concentration, persistence or pace, and (4) has caused multiple episodes of decomposition. A finding of at least two of the four possible effects satisfies subsection (B). 20 C.F.R. pt. 404, subpt. P, appendix 1, listing section 12.08.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 20] is **DENIED** and Plaintiff's motion for summary judgment [Dkt. # 14] is **GRANTED** in part.

                                       s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

Dated: August 12, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 12, 2008.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS